## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**JEROME WHITFIELD,**

    *Plaintiff*,

**v.**                                   **Case No.  SA-24-CV-00081-JKP**

**AMERICAN EXPRESS NATIONAL
BANK,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant American Express National Bank ("American Express")[1], erroneously sued as American Express Company's Motion to Dismiss for Failure to State a Claim. *ECF No. 15*. Plaintiff Jerome Whitfield, proceeding pro se, did not respond.[2] Upon consideration the Court GRANTS the Motion to Dismiss.

### Undisputed Factual Background

In the Amended Complaint, Whitfield alleges American Express improperly rejected an "endorsed bill" he submitted for satisfaction of his credit card debt. By rejecting this form of payment, Whitfield contends American Express breached a contract, presumably consisting of the parties' credit agreement, by failing to perform its fiduciary duties. In asserting this action,

---

[1] In the Amended Complaint, Whitfield asserts this Court's jurisdiction is predicated upon diversity of citizenship. In the Motion to Dismiss, Defendant American Express National Bank admits Whitfield erroneously states its name as American Express Company, admits to the Court it is the proper party, and admits this Court holds diversity jurisdiction, even though it is improperly named because the defect can be cured through further amendment. Based upon this admission and submission to jurisdiction in the interest of judicial economy, the Court changes the style of the case to reflect Defendant as American Express National Bank and proceeds under diversity jurisdiction.

[2] Whitfield was provided permission to file and receive filings electronically. Consequently, this Court will not provide extra time for response to account for mail service.

Whitfield contends the endorsed bill he presented is an equivalent to money that American Express is required to accept. Whitfield does not seek monetary damages, but requests declaratory relief, asking the Court "to order American Express to perform their fiduciary duties they are obligagated [sic] to do within our contract under a consumer credit transaction." *ECF No. 11, p. 4.*

## Legal Standard

### Failure to Respond

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

### Motion to Dismiss

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasade-*

3

*na,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

The pleadings of pro se litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, pro se plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A pro se litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Federal Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

### Discussion

To state a cause of action for breach of contract claim under Texas law, a plaintiff must sufficiently allege facts to support: (1) a valid contract existed between himself and the defendant; (2) he tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) he sustained damages as a result of the defendant's breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n. 21 (Tex. 2018).

"United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts." 31 U.S.C. § 5103. A "bill of exchange", or an "endorsed bill", created by a private citizen cannot be used as legal tender in the United States. *Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513, 2024 WL 150734, at *4 (W.D. Tex. Jan. 11, 2024). Because an "endorsed bill" is not legal tender, a plaintiff cannot satisfy his obligations under loan or credit agreement by submitting it as payment for the debt. *Id.*; *Bey v. Bray*, No. 4:22-CV-933, 2023 WL 5987393, at *5 n.4 (E.D. Tex. Aug. 1, 2023); Report and Recommendation adopted, 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023); *Harvey v. United States Treasury*, No. W-22-CA-789, 2022 WL 3646162, at *2 (W.D. Tex. Aug. 9, 2022), appeal dismissed, No. 22-50760, 2023 WL 128947 (5th Cir. Jan. 9, 2023); *Charles v. Castro*, No. 5:20-CV-00042, 2020 WL 5670110, at *2 (E.D. Tex. Sept. 24, 2020).

Whitfield cannot satisfy his payment obligation under the parties' presumed credit agreement by submitting a "bill of exchange" as payment. For this reason, as alleged, Whitfield cannot state a plausible cause of action and would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. *See Jones*, 188 F.3d at 324; *Vander Zee*, 73 F.3d at 1368. In addition, as alleged, the credit card agreement cannot create a fiduciary duty to accept an unrecognized form of payment.

Further, Whitfield cannot satisfy his burden of proof for a breach of contract cause of action because, under the pleaded facts, he cannot show he satisfied his payment obligations, or tendered performance, by submitting an "endorsed bill" as payment, nor can he show American Express breached the terms of the contract by failing to accept an "endorsed bill" as payment.

Finally, Whitfield fails to allege he sustained damages as a result of American Express's alleged breach of contract.

Based upon these findings and conclusions, the Court will not provide Whitfield an opportunity to amend his Complaint. *See Hitt,* 561 F.2d at 608–09. Controlling authority and Whitfield's allegations reveal he cannot state a plausible cause of action. Therefore, amendment would be futile. Further, this Court provided Whitfield an opportunity to amend the Complaint prior to the filing of this Motion to Dismiss to correct the presented deficiencies, and he did file an Amended Complaint. *See Hitt,* 561 F.2d at 608–09; *Mendoza-Tarango*, 982 F.3d at 402; *Marucci Sports*, 751 F.3d at 378.


### Conclusion

Construing the facts as alleged in the light most favorable to Whitfield and in consideration of applicable law, American Express's Motion to Dismiss is **GRANTED**. Final Judgment will issue separately.


It is so ORDERED.
SIGNED this 9th day of April, 2024.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE